IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                        No. 1:11-cr-10064-JDB-1

BOB SPIVEY,

    Defendant.

---

ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF UNDER THE FIRST STEP
ACT OF 2018

---

In a letter to the Court filed March 18, 2019, the Defendant, Bob Spivey, requested a review of his eligibility under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018) (the "FSA"). (Docket Entry ("D.E.") 57.) In a "Notice of Completed Review - No Relief" filed May 8, 2019, Assistant Federal Defender Jawara Griffin opined that Spivey was not eligible for relief. (D.E. 60.) On June 3, 2019, Defendant submitted a second letter to the Court requesting reduction of his sentence. (D.E. 61.) Pursuant to an order of the Court, the Government has filed a response (D.E. 63), and the matter is now ripe for review.

The Defendant was indicted in this district on August 15, 2011, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (D.E. 3.) Pursuant to a guilty plea, he was sentenced on May 7, 2012, to 120 months' incarceration, to be followed by two years of supervised release. (D.E. 44.) He is currently confined in Bureau of Prisons custody.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed.'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (quoting 18 U.S.C. §

3582(c)).  However, the rule is subject to certain narrow exceptions, *id.*, including the FSA, *United States v. Terrell*, No. 2:09-CR-031, 2019 WL 3431449, at *1 (E.D. Tenn. July 29, 2019).

The statute, signed into law on December 21, 2018, "modified prior sentencing law and expanded vocational training, early-release programs, and other programming designed to reduce recidivism."  *United States v. Boulding*, 379 F. Supp. 3d 646, 650 (W.D. Mich. 2019) (quoting *United States v. Simmons*, 375 F. Supp. 3d 379, 385 (E.D.N.Y. 2019)), *appeal filed* (6th Cir. June 25, 2019) (No. 19-1706) & (6th Cir. May 28, 2019) (No. 19-1590).  While the law made certain previous statutory changes retroactive, its scope was a limited one.

Specifically, the FSA permits the sentencing court to reduce a sentence "for a covered offense" on motion of the defendant.  § 404(b), 132 Stat. at 5222.  A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."  § 404(a), 132 Stat. at 5222.  Sections 2 and 3 of the Fair Sentencing Act of 2010 dealt with certain crack cocaine offenses.  *See United States v. Majors*, 376 F. Supp. 3d 806, 808 (M.D. Tenn. 2019), *appeal filed* (6th Cir. June 13, 2019) (No. 19-5635).  Accordingly, the FSA permits the retroactive reduction of sentences only with respect to those offenses.  *Id.* at 809.

As the offense for which Spivey is incarcerated is being a felon in possession of a firearm, the statute offers him no relief.   The motion is DENIED.

IT IS SO ORDERED this 16th day of August 2019.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE